# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

ARON FREELAND,

    Petitioner,

v.                                                          Case No. 1:22-cv-00561

JASON COLLINS, Superintendent, Denmar
Correctional Center and Jail,[1]

    Respondent.

## AMENDED PROPOSED FINDINGS AND RECOMMENDATION[2]

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1).[3] Although counsel has entered an appearance on behalf of Respondent herein,

---

[1] Petitioner named Brad Douglas, Acting Commissioner, and J.T. Mutter, Superintendent, Stevens Correctional Center, as respondents. However, the proper respondent in a habeas corpus proceeding is the petitioner's current custodian. Petitioner has been transferred to the Denmar Correctional Center. Accordingly, the Clerk is directed to modify the respondent's name to reflect that the Superintendent of Petitioner's current correctional facility is the only proper respondent. The Clerk is further directed to terminate Brad Douglas as a respondent herein.

[2] After entry herein of an initial Proposed Findings and Recommendation ("PF&R") (ECF No. 26) indicating that Petitioner had been transferred to the St. Marys Correctional Center and Jail, the undersigned's staff discovered that Petitioner has again been transferred to the Denmar Correctional Center and Jail. Consequently, the undersigned now files this Amended Proposed Findings and Recommendation, which will be the operative document moving forward. The parties should disregard the initial PF&R.

[3] Although Petitioner filed his petition on the form for a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, numerous courts have held that any habeas corpus petition filed by a sentenced state prisoner must be treated as a petition under 28 U.S.C. § 2254 and is subject to the exhaustion requirements thereunder. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254.'") As held in *Wright*, "when a prisoner being held 'pursuant to the judgment of a State court' files a habeas petition claiming the execution of his sentence is in violation

because it is apparent from the face of the petition that the requested relief may not be granted in this proceeding, the undersigned has not ordered Respondent to answer the petition herein and is recommending summary dismissal thereof.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a state prisoner who is presently incarcerated at the Denmar Correctional Center and Jail in Hillsboro, West Virginia, a facility located within the Northern District of West Virginia. However, at the time he filed the instant habeas petition, Petitioner was incarcerated at the Stevens Correctional Center in Welch, West Virginia, which is a facility within the jurisdiction of this federal court. Petitioner is serving sentences imposed by the Circuit Court of Monongalia County, West Virginia for second degree sexual assault, first degree sexual abuse, and abduction.[4] Petitioner is a prolific filer and has various cases pending in both the state and federal courts of West Virginia.

The instant petition alleges four claims: (1) violation of Fourteenth Amendment right to equal protection by failing to lower Petitioner's classification level to permit him to go to work release; (2) violation of Fourteenth Amendment rights because state law

---

of the Constitution, laws, or treaties of the United States, the more specific § 2254 'and all associated statutory requirements' shall apply, regardless of the statutory label the prisoner chooses to give his petition." *Id.* at 783 (emphasis added); *see also Lambert v. Ames*, No. 2:21-cv-00260, 2023 WL 2319301, at *8 (S.D.W. Va. Feb. 8, 2023), *report and recommendation adopted*, 2023 WL 2307442 (S.D.W. Va. Mar. 1, 2023). Thus, the Clerk was instructed to docket the petition herein as one filed under § 2254.

4 Petitioner also filed two separate habeas corpus petitions making various challenges to his convictions and sentences, which were transferred to the United States District Court for the Northern District of West Virginia because that is the venue in which his court of conviction lies. *See* Case Nos. 3:23-cv-63 and 5:23-cv-43 (N.D.W. Va.) (Bailey, J.). Those matters are pending in that court. As addressed in a separate order entered herein, any motions concerning challenges to Petitioner's convictions and sentences should be addressed in the Northern District proceedings, and not in this matter, which is limited to the issue of whether Petitioner has been wrongfully denied work release and other conditions of his confinement.

categorically excludes inmates with certain convictions, like Petitioner's, from eligibility for work release; (3) violation of Americans with Disabilities Act because of denial of ability to work due to Petitioner's history of traumatic brain injury; and (4) violation of Eighth and Fourteenth Amendment rights by denying Petitioner a referral to a specialist for hernia repair. (ECF No. 1 at 6-7). Petitioner seeks an order requiring the WVDCR to permit him to go to work release, work camp, or road crew, as well as an order requiring the WVDCR to send him to a specialist for hernia surgery or allowing him to be released to receive such surgery.[5] As further explained below, all of these claims are inappropriate for resolution in habeas corpus and are more appropriately addressed in a civil rights complaint filed under 42 U.S.C. § 1983. Accordingly, it is respectfully **RECOMMENDED** that the instant habeas corpus proceeding be dismissed without prejudice.

## ANALYSIS

### A. Claims concerning eligibility for work release are not cognizable in federal habeas corpus.

Grounds One and Two of the instant petition allege that West Virginia statutes and regulations or policy directives concerning inmate eligibility for work release violate his right to equal protection under the Fourteenth Amendment. (ECF No. 1 at 6). Specifically, Ground One alleges as follows:

> The WVDCR Policy Directive 455.02 permits inmates to get their classification to level 1 or 2 with the Commissioner's approval. By contrast, WVDCR Policy 401.01 or 410.01 is a mandatory override of Policy Directive 455.02 which prohibits inmates with certain felony convictions to get their classification below level 3 due to the inmate's "charge."

---

[5] Petitioner's petition makes additional requests for appointment of counsel and production of documents that will be addressed in a separate order.

(*Id.*)  Ground Two of the petition alleges:

> The WV Legislature is violating my 14th Amendment under the U.S. Constitution by refusing to permit inmates with certain offenses [to] go to work camp, work release where we can earn a higher pay and rehabilitate like other incarcerated inmates.  WV Legislature enacted W. Va. Code § 15A-4A-1 *et seq.* which prohibits inmates from going to road crew and/or work release where we can work, rehabilitate, and reintegrate back into society as a law-abiding member of society.  [W. Va. Code §§ 15A-3-1; 15A-4A-1 *et seq.*; 15A-4-1 *et seq.*]

(*Id.*)  These claims do not challenge the validity of Petitioner's convictions or sentences and they do not seek to shorten his term of imprisonment.  Instead, at best, Petitioner's claims concern his eligibility for transfer to a less restrictive form of custody, which is essentially a condition of his confinement.

Generally, where an inmate "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.  *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991).  Thus, Petitioner's challenge to state authority denying him eligibility for work release is more akin to a civil rights action than a habeas corpus action.  *Id.* at 381.

Although West Virginia state law appears to permit claims concerning conditions of confinement to be raised in habeas corpus petitions, *see, e.g., Crain v. Bordenkircher*, 342 S.E.2d 422, 427 (W. Va. 1986), federal law makes it clear that claims concerning conditions of confinement are appropriately addressed only in a civil rights complaint.  Habeas corpus is the appropriate and exclusive remedy for a state prisoner to attack the validity or duration of confinement.  *Todd v. Baskerville*, 712 F.2d 70, 71 (4th Cir. 1983).

However, when a challenge is made to the conditions of, rather than the fact or duration of, confinement, the appropriate federal remedy is under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus … [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action").

Therefore, habeas corpus is not the proper vehicle for review of Petitioner's claims, and he must seek relief, if at all, through a civil rights complaint under § 1983. *See Lambert v. Ames*, No. 2:21-cv-00260, 2023 WL 2319301, at *7 (S.D. W. Va. Feb. 8, 2023), *report and recommendation adopted*, 2023 WL 2307442 (S.D. W. Va. Mar. 1, 2023); *Hurn v. Kallis*, No. 1:17-cv-01403-JBM, 2018 WL 2724050, at *4 (C.D. Ill. June 6, 2018), *aff'd*, 762 F. App'x 332 (7th Cir. 2019); *Jamieson v. Robinson*, 641 F.2d 138 (3d Cir. 1981) (equal protection claim concerning access to work release sounds in civil rights, not habeas corpus). Moreover, "a petition for habeas corpus may not be 'converted' into a civil suit." *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004). Accordingly, this habeas corpus matter must be dismissed.

  **B.**  **Claims concerning disability discrimination and denial of proper medical treatment are also not appropriate for resolution in federal habeas corpus.**

In Ground Three of the instant petition, Petitioner alleges that he has been denied the ability to work a prison job due to his history of a traumatic brain injury ("TBI"), which he claims violates the Americans with Disabilities Act. (ECF No. 1 at 6). In support of this claim, his petition asserts:

> I am being denied to work and earn a[n] income and rehabilitate like other incarcerated inmates due to my disability with frontal lobe of my T.B.I. On October 18, 2021, myself and 23 other inmates were transferred to Stevens. Since coming to Stevens, I have requested to get a job, only to be denied.

(*Id.*)

In Ground Four of the petition, Petitioner alleges that his Eighth and Fourteenth Amendment rights have been denied by the failure to send him to see a medical specialist for surgery to repair a hernia. (*Id.* at 7). His petition further states:

> In 2021, I noticed I had a hernia while housed at Northern Correctional Center. I was provided a ban[d] for the hernia. I requested to be sent to a specialist, but my multiple request[s] have went nowhere. *I was transferred to HCC from Northern in May 2021. While at HCC, I requested to be sent to a specialist. It never happened. I requested to be sent to a specialist since my arrival at Stevens. To date, WVDCR will not send me to one while leaving me in pain in violation of the 8th Amendment.

(*Id.*)

These claims also involve Petitioner's conditions of confinement and are not proper for resolution through federal habeas corpus. Additionally, considering Petitioner's transfer to a facility located in the Northern District of West Virginia, to the extent that Petitioner seeks injunctive relief, such as specific medical treatment, those claims must be addressed by the court with jurisdiction over his current facility and medical providers.

## RECOMMENDATION

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the instant Petition for Writ of Habeas Corpus (ECF No. 1) and this civil action without prejudice to Petitioner filing a new civil rights complaint or complaints in the appropriate federal court(s).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to Petitioner and to transmit a copy to counsel of record.

September 21, 2023

Dwane L. Tinsley
United States Magistrate Judge